UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tristan M.,                                                                 Case No. 20-cv-2247 (TNL)

      Plaintiff,

v.                                                                                           **ORDER**

Kilolo Kijakazi,
*Acting Commissioner of Social Security*,[1]

      Defendant.

---

David F. Chermol, Chermol & Fishman LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116; and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, #890, Minneapolis, MN 55401 (for Plaintiff); and

James D. Sides and Linda H. Green, Special Assistant United States Attorneys, Social Security Administration, Office of the General Counsel, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX 75202 (for Defendant).

---

## I. INTRODUCTION

Plaintiff Tristan M. brings the present case, contesting Defendant Commissioner of Social Security's denial of his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Title XVI of the same, 42 U.S.C. § 1381 *et seq.* This matter is before the Court on Plaintiff's Motion for Summary Judgment, ECF No. 21, and the Commissioner's Motion to Remand, ECF No. 23. The parties have consented to a

---

[1] The Court has substituted Acting Commissioner Kilolo Kijakazi for Andrew Saul. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

## II. PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI asserting that he has been disabled since September 2017 due to Crohn's disease, colitis, spondyloarthritis, sacroiliitis, anxiety, depression, and cyclic vomiting syndrome. Tr. 10, 56, 73. His applications were denied initially and again upon reconsideration. Tr. 10, 70, 87, 89, 91, 107, 124, 127, 129.

Plaintiff appealed the reconsideration of his DIB and SSI determinations by requesting a hearing before an administrative law judge ("ALJ"). Tr. 10, 147. The ALJ held a hearing in January 2020, and issued an unfavorable decision. Tr. 10, 34-54, 7-27. After receiving an unfavorable decision from the ALJ, Plaintiff requested review from the Appeals Council, which was denied. Tr. 1-5. Thereafter, Plaintiff filed the instant action, challenging the ALJ's decision. Compl., ECF No. 1.

Plaintiff filed a motion for summary judgment, asserting that this matter should be remanded because the ALJ: (1) did not follow the evaluation process for drug addiction and alcoholism; (2) did not consider whether Plaintiff was eligible for a closed period of disability; and (3) erred in determining his residual functional capacity. Additionally, relying primarily on the Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), Plaintiff asserts that the structure of the Social Security Administration is unconstitutional and this constitutional defect permeated the administrative proceedings, including the delegation of authority to the ALJ. According to Plaintiff, "statutory limits on the President's ability to remove the

Commissioner of Social Security violate constitutional separation-of-powers principles," and, "[a]s a result of this alleged constitutional defect, . . . the [ALJ] who determined [his] claim[s] for benefits lacked authority to render that decision." *Tafoya v. Kijakazi*, No. 21-cv-00871-REB, ___ F. Supp. 3d ____, 2021 WL 3269640, at *1 (D. Colo. July 29, 2021). *See, e.g.*, Pl.'s Mem. in Supp. at 3 ("Remand is required where the ALJ and the Appeals Council derive power from a single Agency Commissioner in violation of the Separation of Powers Clause and the Constitution."), ECF No. 22. Plaintiff requests that this matter "be remanded for a *de novo* hearing before a new ALJ who does not suffer from the unconstitutional taint of having previously heard and decided this [matter] when the ALJ had no lawful authority to do so." Pl.'s Mem. in Supp. at 16 (citing *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018)).

In response, the Commissioner filed a motion to remand pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). In her motion, the Commissioner states that, "[o]n remand, the [ALJ] will reevaluate Plaintiff's severe impairments to determine their effect on Plaintiff's residual functional capacity, providing a logical bridge from the relevant facts to the ALJ's findings." Comm'r's Mot. at 2, ECF No. 23. The Commissioner did not address Plaintiff's argument that this matter should be heard by another ALJ on remand. "Plaintiff does not oppose the [Commissioner's] motion." Comm'r's Mot. at 1.

## III. ANALYSIS

### A. Sentence Four Remand

Under sentence four of section 205(g) of the Social Security Act, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

The parties being in agreement that this matter should be remanded, the Court will reverse the decision of the ALJ and remand this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

### B. New ALJ

The body of existing caselaw addressing constitutional separation-of-powers challenges to the Commissioner of Social Security based on *Seila Law* is largely in the context of motions to dismiss, and federal district courts are split on whether such a claim can be maintained. *Compare, e.g.*, *Sylvia A. Kijakazi*, No. 5:21-CV-076-M-BQ, 2021 WL 4692293 (N.D. Tex. Sept. 13, 2021), *adopting report and recommendation*, 2021 WL 4622528 (N.D. Tex. Oct. 7, 2021); *Hensley v. Kijakazi*, No. 2:21-cv-00508-VCF, 2021 WL 3472192 (D. Nev. Aug. 6, 2021); *Albert v. Kijakazi*, No. 1:21-cv-0004-HRH, 2021 WL 3424268 (D. Alaska Aug. 5, 2021); *Tafoya*, 2021 WL 3269640; *Dante v. Saul*, Civ. No. 20-0702 KBM, 2021 WL 2936576 (D. N.M. July 13, 2021) (denying motion to dismiss) *with Brinkman v. Kijakazi*, No. 2:21-cv-00528-EJY, 2021 WL 4462897 (D. Nev. Sept. 29, 2021); *Cooper v. Saul*, No. 21-CV-38-CJW-MAR, 2021 WL 2908112 (N.D. Ia.

July 9, 2021) (granting motion to dismiss).  At least one court has directed that further proceedings be conducted before a different ALJ when the Commissioner has requested remand pursuant to sentence four of 42 U.S.C. § 405(g).  *Smith v. Kijakazi*, Civil Action No. 21-1226, 2021 WL 4592210 (E.D. Penn. Oct. 4, 2021); *see Smith v. Kijakazi*, Civil Action No. 21-cv-01226-CFK, 2021 WL 4604013 (E.D. Penn. Sept. 14, 2021), *report and recommendation adopted*, 2021 WL 4592210 (E.D. Penn. Oct. 4, 2021).

The Court need not—and does not—take any position on the merits of Plaintiff's constitutional separation-of-powers challenge.  The absence of any response by the Commissioner to Plaintiff's assertion that the hearing on remand be conducted by a different ALJ amounts to waiver of the issue.  *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

### C. Conclusion

Therefore, the Court will grant Plaintiff's motion in part to the extent Plaintiff seeks remand of this matter to the Social Security Administration and a hearing before a different ALJ without reaching the merits of his assertions of error and constitutional separation-of-powers challenge.  Plaintiff's motion is otherwise denied.  The Court will likewise grant the Commissioner's motion.

## IV. ORDER

Based upon the record, memoranda, and the proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgement, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. The Commissioner's Motion to Remand, ECF No. 23, is **GRANTED**.

3. The ALJ's decision is reversed and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4. Upon remand, this matter shall be assigned to a different ALJ than the one who conducted the hearing and issued the decision reversed herein.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October  27 , 2021              *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*Tristan M. v. Kijakazi*
Case No. 20-cv-2247 (TNL)