UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tristan M., | Case No. 20-cv-2247 (TNL) |
|     Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi,<br>Acting Commissioner of Social Security,[1] | |
|     Defendant. | |

David F. Chermol, Chermol & Fishman LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116; and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, #890, Minneapolis, MN 55401 (for Plaintiff); and

James D. Sides and Linda H. Green, Special Assistant United States Attorneys, Social Security Administration, Office of the General Counsel, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX, 75202 (for Defendant).

## I. INTRODUCTION

Previously, the Court granted in part Plaintiff Tristan M.'s motion for summary judgment and remanded this matter to the Social Security Administration for further proceedings. *See generally Tristan M.. v. Kijakazi*, No. 20-cv-2247 (TNL), 2021 WL 4993086 (D. Minn. Oct. 27, 2021). This matter now comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Mot. for Att'y Fees, ECF No. 27.

---

[1] The Court has substituted Acting Commissioner Kilolo Kijakazi for Andrew Saul. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

1

## II. ANALYSIS

Under the EAJA, "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) (holding that a plaintiff who obtains a remand order from the district court is considered a "prevailing party" within the meaning of the EAJA). The Commissioner does not assert that either of these exceptions applies. Rather, the Commissioner objects to the amount of fees requested, arguing that Plaintiff's request is "unreasonably high for the work performed." Opp'n at 1, ECF No. 31. Thus, the Court's task is to determine how many hours were reasonably spent and award attorney fees accordingly. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

Plaintiff contends that his counsel spent 43.2 hours of work on the appeal but, "[i]n an exercise of billing discretion," he seeks EAJA attorney fees for 39.0 hours of work performed at the rate of $205.00[2] per hour, for a total of $7,995.00, plus costs in the amount

---

[2] This rate was calculated using the U.S. Bureau of Labor Statistics' Consumer Price Index as proof that the cost of living has increased since the statutory rate of $125 was set, and therefore an increase to the statutory rate is warranted. Mot. for Att'y Fees ¶¶ 8-10. *See* 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). This method of rate calculation is favored by the Eighth Circuit Court of Appeals, *see, e.g., Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990), and the Commissioner has not challenged its use here. Therefore, to compensate counsel properly consistent with increases in the cost of living, this Court will apply a rate of $205.00 per hour.

of $100.00. Mot. for Att'y Fees at 5; Stmt. of Att'y Time Expended at 2-4, ECF No. 28. Plaintiff argues that this amount is reasonable as the transcript was "enormous at almost 1,200 pages," some of the issues "were factually intensive and rather complex," and counsel did not represent Plaintiff at the administrative level and needed more time to become familiar with the case. Reply at 4, ECF No. 32. Plaintiff argues that "expending more than 40 hours winning a disability appeal is utterly routine," and cited numerous cases where courts found more than 40 hours of work to be reasonable. Reply at 3; Mem. in Supp. at 2-4, ECF No. 30 (citing, e.g., *Vaughn v. Heckler*, 860 F.2d 295 (8th Cir. 1988) (77 hours); *Talbott v. Bowen*, 832 F.2d 111 (8th Cir. 1987) (63.75 hours); *Aston v. Secretary of HHS*, 808 F.2d 9 (2d Cir. 1986) (200 hours)). Plaintiff contends that despite working reasonably more than 40 hours on the case, he "exercised significant billing discretion . . . in voluntarily reducing the hours for which he would seek EAJA compensation" to 39.0. Reply at 4.

The Commissioner maintains that 39.0 hours is not reasonable. Instead, the Commissioner argues that 24.39 hours of attorney time is reasonable for this matter and any additional time was not reasonably expended. Accordingly, it is the Commissioner's position that a fee award of no more than $5,000.00 is appropriate. Opp'n at 4. In arguing that the hours requested are unreasonable, the Commissioner asserts that certain hours Plaintiff's counsel claimed to work on the case, such as 8.3 hours to "Finish trans review and outline, begin drafting opening brief, legal research on selia law status," are "too vague to evaluate what [Plaintiff's counsel] was doing" during that time. *Id*. at 2-3. The Commissioner further asserts that Plaintiff's counsel should have reduced his number of

3

requested hours, particularly, the time he spent drafting the "*Selia*" issue, as he may have used an argument that someone else drafted. *Id*. at 3. Finally, the Commissioner asserts that because the parties agreed to remand the case, Plaintiff's counsel did not have to file a reply brief. *Id*. Thus, the Commissioner argues, while 39 hours falls within the average EAJA award of 20 to 40 hours, "[t]his case should have a below average or lower EAJA award because [Plaintiff's counsel] . . . had no need to file a reply brief." *Id*. at 2-3.

The Court does not view the time Plaintiff's counsel requested to be unreasonable. Nor does it find that certain entries of time Plaintiff's counsel claimed to work on the case are too vague to evaluate what Plaintiff's counsel was working on. Plaintiff's counsel did not represent him in the underlying administrative proceedings and needed to familiarize himself with the administrative record in this case, which was almost 1,200 pages. *See* ECF Nos. 20-1 through 20-14. Moreover, the mere fact that Plaintiff's counsel's "*Selia*" argument is similar those filed by other attorneys in other cases does not mean the time Plaintiff's counsel spent briefing that issue in this case was excessive. Similarly, the Court declines to reduce the fee award simply because the Commissioner agreed to remand the case and Plaintiff's counsel was alleviated of any need to file a reply brief. At 39.0 hours, the requested compensation is well within the amount routinely awarded in this District. *See, e.g.*, *Cheryl J. v. Saul*, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020) (41.8 hours); *Maria L. H. v. Saul*, No. 19-cv-401 (BRT), 2020 WL 7625793, at *2 (D. Minn. May 7, 2020) (45.4 hours); *Jean P. R. E. v. Berryhill*, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 16, 2019) (45.5 hours); *Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *1-2 (D. Minn. June 14, 2018)

(approximately 45 hours); *Wildey v. Berryhill*, No. 16-cv-2028 (KMM), 2018 U.S. Dist. LEXIS 45766, at *4 (D. Minn. Mar. 19, 2018) (46.6 hours); *see also Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017) (listing cases awarding between 40 and 45 hours).  Thus, the Court finds an award of 39.0 hours at a rate of $205.00 per hour for a total of $7,995.00 is reasonable and consistent with other EAJA awards in Social Security cases in this District.

The Court also finds an award of $100.00 in costs to be reasonable and appropriate in this case.  Courts in this district have routinely granted similar requests for costs.  *See, e.g., Gloria P. v. Kijakazi*, No. 20-cv-1542 (ECT/LIB), 2022 WL 1064455, at *5 (D. Minn. Mar. 23, 2022) (awarding $100.00 in costs), *report and recommendation adopted*, 2022 WL 1063948 (D. Minn. Apr. 8, 2022); *Robert B. v. Saul*, No. 20-cv-424 (MSK/DTS), 2021 WL 6230825, at *2 (D. Minn. July 8, 2021) (awarding $400.00 in costs); *Chelsea I.B. v. Saul*, No. 18-cv-2874 (ECT/ECW), 2020 WL 4808797, at *3 (D. Minn. July 29, 2020) (awarding $500.00 in costs), *report and recommendation adopted*, 2020 WL 4805046 (D. Minn. Aug. 18, 2020); *Jennifer H. v. Saul*, No. 19-cv-959 (JRT/ECW), 2020 WL 4587979, at *3 (D. Minn. June 5, 2020) (awarding $500.00 in costs), *report and recommendation adopted*, 2020 WL 4586891 (D. Minn. Aug. 10, 2020); *Chang v. Berryhill*, No. 15-cv-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017) (awarding $400.00 in costs), *report and recommendation adopted*, 2017 WL 2773524 (D. Minn. June 26, 2017).

Further, in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the EAJA fees and costs are payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, ECF No. 27, is **GRANTED**.

2. Plaintiff is awarded $7,995.00 in reasonable attorney fees, and $100.00 in costs, subject to offset by any preexisting debt that Plaintiff owes to the United States.

3. Any EAJA fees and costs shall be paid to Plaintiff as the litigant, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Date: June   7   , 2022

      *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Tristan M. v. Kijakazi*
Case No. 20-cv-2247 (TNL)